UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DENMEAD and GABRIEL JIMENEZ, individually; and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S COMPANIES, INC., a North Carolina corporation; LOWE'S HIW, INC., a Washington corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C 07-01820 SI<br>Judge: Susan Illston<br>Complaint Filed: March 30, 2007<br><br>**STIPULATION AND [PROPOSED] ORDER DISMISSING CLASS ACTION ALLEGATIONS AND INDIVIDUAL CLAIMS** |

## STIPULATION

Plaintiffs, Eric Denmead and Gabriel Jimenez (hereinafter collectively "PLAINTIFFS") and Defendants, LOWE'S COMPANIES, INC., and LOWE'S HIW, INC. ("collectively hereinafter "LOWES"),by and through their attorneys of record, agree and stipulate to the following:

---

pld13 B Order of Dismissal of Class Action Allegations.wpd

Case No. C 07-01820 SI
Stipulation and [Proposed] Order Dismissing Action

1. WHEREAS, PLAINTIFFS filed a complaint against Defendant on March 30, 2007, in the United States District Court for the Northern District of California, entitled *Eric Denmead et al. v. Lowe's Companies, Inc., Lowe's HIW, Inc., and Does 1 through 20*, Case No. C07-01820-SI (the "Action"), asserting California state law causes of action for: (1) unpaid wages; (2) unpaid overtime; (3) unpaid minimum wages; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) late payment of wages; (7) violations of California's Unfair Competition Law, Business and Professions Code § 17200, et seq.; (8) conversion of accrued wages; and (9) violation of Cal. Civil Code § 52.1.

2. WHEREAS, on May 23, 2007, PLAINTIFFS voluntarily dismissed defendant Lowe's Companies, Inc. from the complaint.

3. After the Action was filed, PLAINTIFFS' counsel was informed by counsel for LOWES that another action entitled *Craig Hall, et al., v. Lowes HIW, Inc., et al.*, Case No. BC 325832, was pending in the Los Angeles County Superior Court and that the claims in the *Hall* case directly overlapped the allegations in the Action.

4. On April 16, 2008, the Los Angeles County Superior Court Granted Final Approval of a class action settlement in *Hall*, which encompassed all of the claims for those putative class members within the *Hall* class definition and who did not opt-out of the settlement. As a result of the *Hall* settlement, the only claims that remain in the Action involve the individual claims of Eric Denmead and Gabriel Jimenez, who opted out of the *Hall* settlement.

5. The parties have agreed to resolve the individual claims of Denmead and Jimenez with counsel for LOWES. The settlement requires LOWES to pay PLAINTIFFS a total combined sum, as reflected in the Settlement Agreement and Release of Claims field under seal, in exchange of a general release of all claims, including a waiver of California Civil Code section 1542. Each party is to bear their owns attorneys' fees and costs of litigation. Other than the amounts reflected in the individual settlement agreements, no other payments by LOWES are contemplated under the terms of the settlement.

///

///

1  6. Based on the aforementioned settlement, the parties stipulate to entry of the subjoined
2  Order dismissing this action with prejudice and without an award of attorneys' fees or costs to either
3  party.

5  **IT IS SO STIPULATED.**

7  DATED: June 13, 2008                    **KRUTCIK & GEORGGIN**

9                                           By _/s/ A. Nicholas Georggin_
                                             A. Nicholas Georggin, Esq.
10                                           Attorneys for PLAINTIFFS

12  DATED: June 13, 2008                   **AKIN GUMP STRAUSS HAUER & FELD LLP**

15                                          By _____
                                             Kevin D. Rising, Esq.
                                             Jeremy Bollinger, Esq.
16                                           Attorneys for DEFENDANT,
                                             LOWE'S HIW, INC.

1 | 6. Based on the aforementioned settlement, the parties stipulate to entry of the subjoined
2 | Order dismissing this action with prejudice and without an award of attorneys' fees or costs to either
3 | party.

5 | **IT IS SO STIPULATED.**

7 | DATED: June 13, 2008     **KRUTCIK & GEORGGIN**

9 | By _____
   | A. Nicholas Georggin, Esq.
10|  Attorneys for PLAINTIFFS

12 | DATED: June 13, 2008     **AKIN GUMP STRAUSS HAUER & FELD LLP**

14 | By _____
15 | Kevin D. Rising, Esq.
   | Jeremy Bollinger, Esq.
16 | Attorneys for DEFENDANT,
   | LOWE'S HIW, INC.

## ORDER DISMISSING CLASS ACTION ALLEGATIONS AND INDIVIDUAL CLAIMS

**FOR GOOD CAUSE APPEARING** and pursuant to the stipulation of the parties in the action entitled *Denmead v. Lowe's Companies, Inc. et al.*, Case No. C 07-01820 SI (the "Action"):

1. The above-entitled Action, including individual and class action claims, is hereby DISMISSED with prejudice. Each party is to bear their own attorneys' fees and costs of litigation.

2. The Court expressly retains subject matter jurisdiction over the Action to ensure that the terms and conditions of the settlement are performed to completion.

**IT IS SO ORDERED**

Dated: _____

_____
Hon. Susan Illston
United States District Court Judge

---

pld13 B Order of Dismissal of Class Action Allegations.wpd

4

Case No. C 07-01820 SI
Stipulation and [Proposed] Order Dismissing Action